UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NITIN KAMATH                                    CIVIL ACTION

VERSUS

LEA ANNE BATSON, ET AL.                         NO.: 19-265-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 12)** filed by Defendants Lea Anne Batson, Maimuna D. Magee, and the City of Baton Rouge-Parish of East Baton Rouge. Plaintiff Nitin Kamath did not respond to the motion; accordingly, the Court considers the motion to be unopposed. For the reasons that follow, the **Motion (Doc. 12) is GRANTED**.

I.  BACKGROUND

Aztec Cove, L.L.C. is a limited liability company. (Doc. 1 at p. 5). Plaintiff is the owner and sole member. *Id.* On March 15, 2017, the City of Baton Rouge-Parish of East Baton Rouge adopted Ordinance 16444, which amended the Unified Development Code governing the Rural District within East Baton Rouge Parish. (*Id.* at p. 2). The amendment was required to take effect on March 30, 2018. (*Id.* at p. 5). Aztek owns a certain tract of land zoned "Rural." (*Id.* at p. 5-6). Plaintiff alleges that Aztec purchased the land relying on representations by City of Baton Rouge-Parish of East Baton Rouge agents and employees that Aztec could proceed with a

1

commercial development on the land as long as the site plan was approved prior to April 1, 2018. (*Id.* at p. 6).

On March 21, 2018, Aztec requested the approval of a variance from the height limitations for the building that it sought to construct. (*Id.* at p. 8). Plaintiff alleges that Batson, the Parish Attorney, and Magee, an Assistant Parish Attorney, sought to prevent Aztec from developing its land by refusing to issue Aztec a building permit. (*Id.* at p. 10). Plaintiff alleges that Batson and Magee caused Aztec to be denied the development and economically viable use of its land, which constitutes a taking in violation of the Fifth Amendment of the United States Constitution. (*Id.* at p. 11).

Now, Defendants move to dismiss Plaintiff's claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

---

[1] Because Defendants' arguments under Rule 12(b)(1) are persuasive, the Court will not address Defendant's arguments under Rule 12(b)(6).

2

## III. DISCUSSION

Defendants contend that Plaintiff lacks standing to bring suit because he does not own the land that he alleges was subject to a taking. Under Louisiana law, "[a] member shall have no interest in limited liability company property." La. Stat. Ann. § 12:1329. Consequently, Louisiana courts have held that a limited liability company alone has the right to sue in the event that its property sustains damage. *Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632, 635 (E.D. La. 2010). Plaintiff's Complaint states that Aztek owns the land that he alleges was subject to a taking. However, Aztec is not the plaintiff in this matter. Accordingly, Plaintiff lacks standing to bring suit.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 12)** is **GRANTED**. Plaintiff's claim is **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 24th day of January, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**